IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Howell,                              :
                    Petitioner              :
                                            :
          v.                                :    No. 340 M.D. 2019
                                            :    SUBMITTED: February 14, 2020
Tom Wolf, Governor of Pennsylvania,         :
and The General Assembly,                   :
                    Respondents             :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: May 6, 2020

Before the Court in our original jurisdiction is the petition of Gerald Howell (Howell), *pro se*. Howell alleges his sentence of life imprisonment without parole pursuant to 18 Pa.C.S. § 1102(b)[1] (Section 1102(b)) violates Article III, Section 1 of the Pennsylvania Constitution.[2] Respondents, Tom Wolf, Governor of Pennsylvania (Governor Wolf), and The General Assembly, have filed preliminary objections to the petition. After thorough review, we sustain the preliminary objections in part, dismiss them in part as moot, and dismiss the petition with prejudice.

---

[1] The petition incorrectly cites the relevant statute as **42** Pa.C.S. § 1102(b).

[2] "**§ 1. Passage of laws.** No law shall be passed except by bill, and no bill shall be so altered or amended, on its passage through either House, as to change its original purpose." PA. CONST. art. III, § 1.

# I. Background – Constitutional Averments

Howell is an inmate at a state correctional institution. He was convicted of second degree murder in 1984. He received a sentence of life imprisonment as required by Section 1102(b), which provides: "**(b) Second degree.--** Except as provided under section 1102.1,[3] a person who has been convicted of murder of the second degree, of second degree murder of an unborn child or of second degree murder of a law enforcement officer shall be sentenced to a term of life imprisonment." 18 Pa.C.S. § 1102(b).

Howell asserts Section 1102(b), enacted in 1974, replaced a prior version of the statute, which provided:

> Whoever is convicted of the crime of murder of the second degree is guilty of a felony, and shall, for the first offense, be sentenced to undergo imprisonment by separate or solitary confinement not exceeding twenty (20) years, or fined not exceeding ten thousand dollars, or both, and for the second offense, shall undergo imprisonment for the period of his natural life.

Former 18 Pa.C.S. § 4701, *quoted in Commonwealth v. Vogel*, 268 A.2d 89, 93 (Pa. 1970). Thus, the new version of Section 1102(b) increased the penalty for a first offense of second degree murder from a 20-year maximum to a life sentence.

Howell asserts Section 1102(b) is unconstitutional for three reasons. First, House Bill 1060 of 1974, which included Section 1102(b), was altered between its introduction and its enactment, thereby changing its original purpose, in violation of Article III, Section 1 of the Pennsylvania Constitution; Howell's argument also appears to assert that Section 1102(b) of the 1974 version of the statute impermissibly altered the original purpose of the prior statute. Second, Section

---

[3] 18 Pa.C.S. § 1102.1 relates to sentences of persons under the age of 18. There is no assertion that this section is applicable in this case.

1102(b) violates Article III, Section 1 of the Pennsylvania Constitution because it is deceptive, in that its title fails to give reasonable notice that a life sentence for second degree murder will be without the possibility of parole. Third, Section 1102(b) is unconstitutionally vague[4] because the text of the statute likewise fails to provide reasonable notice that a life sentence for second degree murder is without the possibility of parole.

## II. Preliminary Objections

Governor Wolf and The General Assembly assert several preliminary objections to Howell's petition, which we reorder and summarize as follows:[5]

A.    Both Governor Wolf and The General Assembly contend Howell's procedural challenge to the enactment of Section 1102(b) is too stale to be cognizable.

B.    The General Assembly asserts speech and debate immunity under Article II, Section 15 of the Pennsylvania Constitution.[6]

C.    Both Governor Wolf and The General Assembly demur to Howell's constitutional challenges on their merits.

---

[4] Howell does not cite a state or federal constitutional provision in connection with his vagueness argument. He appears to assert a denial of some unspecified form of due process.

[5] Governor Wolf also asserted a preliminary objection based on improper service of the petition. After Howell cured the service defect, this Court overruled that preliminary objection by order dated October 29, 2019.

[6] The members of The General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place.

PA. CONST. art. II, § 15.

D.	The General Assembly demurs to the petition on the basis that Howell is seeking re-examination of his life sentence, which is not a function of The General Assembly.

E.	Governor Wolf asserts Howell's petition raises a sentence challenge, which is waived because it was not raised in his sentencing hearing or in a post-sentence motion, such that Howell failed to exhaust his other available remedies.

### III. Discussion

In ruling on preliminary objections, we accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible. We will sustain the preliminary objections only where it is clear from all of the facts pleaded that the petitioner will be unable to prove facts legally sufficient to establish his or her right to relief. *Pa. AFL-CIO by George v. Commonwealth*, 691 A.2d 1023 (Pa. Cmwlth. 1997) (*en banc*).

Citing *Sernovitz v. Dershaw*, 127 A.3d 783 (Pa. 2015), both Governor Wolf and The General Assembly contend Howell's procedural challenge to the enactment of Section 1102(b) is too stale to be cognizable. Because the statute was enacted in 1974, they argue any procedural irregularity in its enactment is now outweighed by the prejudice that would result from invalidating it at this late date. We agree.

In *Sernovitz*, our Supreme Court considered a challenge to the constitutionality of 42 Pa.C.S. § 8305 (Section 8305), a Pennsylvania statute precluding a negligence cause of action for wrongful life. The plaintiff in *Sernovitz* argued the bill including the provision that became Section 8305, which had been enacted 22 years earlier, violated Article III, Section 4 of the Pennsylvania Constitution, which requires each bill before the legislature to encompass only a

4

single subject.[7]  The defendant argued the delay in challenging the constitutionality of the statute's enactment process rendered the statute immune to such a challenge. While rejecting the characterization of the preliminary objection as sounding in laches, our Supreme Court nonetheless agreed that "belated process challenges to legislative enactments are disfavored." *Sernovitz*, 127 A.3d at 792.  The Court explained:

> The amount of time that has passed since enactment is a material consideration because the longer an act has been part of the statutory law and relied on by the public and the government, the more disruption to society and orderly governance is likely to follow from its invalidation.  Where, as here, such reliance has continued for more than 20 years, a presumption naturally arises that any process challenge is too stale to be cognizable regardless of whether the challengers exercised reasonable diligence.

*Id.*

Although *Sernovitz* was a single-subject challenge under Article III, Section 4, rather than an original-subject challenge under Article III, Section 1 as in this case, we find the distinction is immaterial.  Our Supreme Court concluded in *Sernovitz* that a procedural challenge to the constitutionality of a statute that is substantially belated is foreclosed because the passage of time renders the statute immune from such an attack.  The same conclusion applies here.

---

[7]  Every bill shall be considered on three different days in each House.  All amendments made thereto shall be printed for the use of the members before the final vote is taken on the bill and before the final vote is taken, upon written request addressed to the presiding officer of either House by at least 25% of the members elected to that House, any bill shall be read at length in that House.  No bill shall become a law, unless on its final passage the vote is taken by yeas and nays, the names of the persons voting for and against it are entered on the journal, and a majority of the members elected to each House is recorded thereon as voting in its favor.

PA. CONST. art. III, § 4.

5

Howell's constitutional challenge to the enactment of Section 1102(b) comes 46 years after the statute's enactment. Moreover, his conviction occurred 36 years before he declared his challenge to the procedure of the statute's enactment. As our Supreme Court observed in *Sernovitz*, thousands of criminal cases have passed through Pennsylvania's judicial system in the interim, with both the government and the public relying on the authority of the statute. Invalidating Section 1102(b) now on the basis of a perceived irregularity in the procedure of its enactment would cause greater harm than the original alleged constitutional transgression. *Id.*

Accordingly, we conclude our Supreme Court's holding in *Sernovitz* applies here. The preliminary objections of Governor Wolf and The General Assembly based on staleness of Howell's constitutional challenge are sustained.

In light of our disposition of this issue, we do not address the remaining preliminary objections, which we dismiss as moot. Further, we conclude that no amendment of Howell's petition can cure its staleness. Accordingly, we dismiss the petition with prejudice.

## IV. Conclusion

Based on the foregoing discussion, the preliminary objections of Governor Wolf and The General Assembly asserting staleness of Howell's constitutional challenge to the enactment procedure of 18 Pa.C.S. § 1102(b) are sustained, and the petition is dismissed with prejudice.

The remaining preliminary objections are dismissed as moot.

_____
ELLEN CEISLER, Judge

Judge Crompton did not participate in the decision of this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Howell,                       :
           Petitioner           :
                                  :
      v.                       :    No. 340 M.D. 2019
                                  :
Tom Wolf, Governor of Pennsylvania,  :
and The General Assembly,          :
           Respondents      :

# **O R D E R**

AND NOW, this 6th day of May, 2020, the preliminary objections of Tom Wolf, Governor of Pennsylvania, and The General Assembly asserting staleness of Gerald Howell's constitutional challenge to the enactment procedure of 18 Pa.C.S. § 1102(b) are sustained. Because this Court concludes that no amendment of Howell's pleading can cure the defects of his petition for review, the petition is dismissed with prejudice.

The remaining preliminary objections are dismissed as moot.

_____
ELLEN CEISLER, Judge